Vance Countryman (5-2980)
VANCE T. COUNTRYMAN, P.C.
233 Garfield Street
Lander, Wyoming 82520
(307) 335-7075
(307) 335-7082
vance@lawyersforwyoming.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2017 AUG -7  AM 11: 47

STEPHAN HARRIS, CLERK
CASPER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

KESHIA PORTER, as the Wrongful Death )
Representative for the Claimants Entitled to )
Recover for the Wrongful Death of )
DELANDIS RICHARDSON, Deceased )
)
VS. )
)
FORD MOTOR COMPANY )

CIVIL ACTION NO. 17CV133-J

JURY REQUESTED

## **COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Keshia Porter, as the Wrongful Death Representative for the Claimants Entitled to

Recover for the Wrongful Death of Delandis Richardson, Deceased, files her Original Complaint

against Defendant Ford Motor Company and, in support of her causes of action, would

respectfully show the following:

### I.

### PARTIES

1.1    Plaintiff was appointed by the District Court of Campbell County the Sixth Judicial

District to be the Wrongful Death Representative on the 10th day of July, 2017.

Complaint

CAS001933
Receipt # _____
Summons: __|_ issued
_____ not issued

Page 1

1.2     Plaintiff Keshia Porter is an adult individual who was a resident and citizen of the State of Texas at all times relevant to this action.

1.3     Defendant Ford Motor Company is a Delaware for-profit corporation with its principal place of business in Michigan.  Ford Motor Company ("Ford") may be served with process through its registered agent in Wyoming, CT Corp System, 1908 Thomes Avenue, Cheyenne, WY 82001.

## II.

### JURISDICTION

2.1     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the present action is a civil action between a plaintiff who is a citizen of Texas, and a Defendant that is incorporated in, and has its principal place of business in, states other than Texas, and the matter in controversy exceeds $75,000.00, exclusive of costs and interest.

2.2     This Court has personal jurisdiction over Ford Motor Company because Ford engages in foreseeable, intentional, continuous, and/or systematic contacts with Wyoming, so that it has sufficient minimum contacts, both in general and with regard to this specific action, such that exercising jurisdiction over Ford does not violate Ford's right to due process or offend the traditional notions of fair play and substantial justice.

2.3     Pursuant to W.S. §2-14-105(b) a copy of this Complaint was served on the Director and the Attorney General by certified mail, return receipt requested simultaneously with the filing of this Complaint.

### III.

#### VENUE

3.1     Venue is proper in the United States District Court of Wyoming pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the State of Wyoming.

3.2     Venue is also proper in the United States District Court of Wyoming pursuant to 28 U.S.C. § 1391(b)(1) because Ford is a corporation that resides in this district pursuant to § 1391(d).

### IV.

#### BACKGROUND FACTS

4.1     On or about November 25, 2014, at approximately 10:30 p.m., Delandis Richardson was the properly seat belted front-seat passenger in a 2012 E-350 work-van (V.I.N. 1FBNE3BLECDA10927), the "subject vehicle" traveling south on Highway 59 in Campbell County, Wyoming.

4.2     While traveling on a portion of Highway 59, the subject vehicle rolled over.

4.3     During the subject rollover, the occupant restraint, containment, and/or protection systems pertaining to Delandis Richardson's seating position failed.

4.4     As a result of the rollover, Delandis Richardson was killed.

### V.

#### CAUSES OF ACTION AGAINST DEFENDANT FORD

## A.    Strict Products Liability

5.1    At all times material hereto, Defendant Ford was in the business of designing, developing, and distributing automobiles, including vehicles such as the 2012 Ford E-350 work van, and did design, develop, and distribute the subject vehicle.

5.2    Defendant Ford is thus the "manufacturer" of the subject vehicle and is liable under the doctrine of strict products liability in tort for injuries, including deaths, produced by any defect in the subject vehicle arising out of the design of said vehicle.

5.3    Delandis Richardson was killed, in part, due to defects in the design of the subject vehicle.   Specifically, the designs of the vehicle's occupant containment, restraint, and/or protection systems were inadequate to protect outboard occupants during foreseeable rollover events, and thus rendered the subject vehicle unreasonably dangerous and defective, taking into consideration the utility of the subject vehicle and the risks involved in its use.

5.4    These defects were present in the subject vehicle at the time it left the possession of Defendant Ford.

5.5    These defects were producing causes of the death of Delandis Richardson and all of Plaintiff's resulting damages.

5.6    At the time the subject vehicle left the possession of Ford, there were safer alternative designs other than the designs used in the subject vehicle that would have significantly increased occupant restraint, containment, and protection, thus reducing the risk of catastrophic injury and death due to occupant ejection, including, but not limited to, rollover-activated seatbelt pretensioners, seatbelt web grabbers, rollover-activated side air curtains, a stronger roof, and sturdier sideglass less prone to breakage during rollover events.

5.7     These alternative designs were both economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge at the time the subject vehicle left the control of Ford.

**B.    Negligence**

5.8     On the occasion in question, Ford, by and through its officers, employees, agents and representatives, committed acts of omission and commission, which collectively and severally constituted negligence.

5.9     These acts include, but are not limited to, the following:

    a.     Designing the subject vehicle with inadequate occupant restraint, containment, and/or protection systems for foreseeable rollover events;

    b.     Failing to adequately test the subject vehicle's occupant restraint, containment, and/or protection systems in rollover scenarios; and

    c.     Failing to implement alternative designs in the subject vehicle that would have made the vehicle's occupant restraint, containment, and/or protection characteristics during rollovers more robust and/or effective.

5.10    Plaintiff will show that these acts of omission and commission, when taken separately and/or together, constitute negligence as that term is understood at law.

5.11    Plaintiff will further show that the foregoing acts of negligence were proximate causes of the death of Delandis Richardson, and all of Plaintiff's resulting damages.

**C.    Exemplary Damages**

5.12    The conduct of Defendant Ford Motor Company, through its vice principals, acted in a reckless manner with willful disregard of the likelihood of serious bodily injury giving rise to the recovery of exemplary damages.

## VI.

### DAMAGES

**A.     Actual Damages**

6.1     As a direct and proximate result of the foregoing events, Plaintiff and all those entitled to recover for the wrongful death of Delandis Richardson, have suffered in the past, and in reasonable likelihood will suffer in the future, the following damages:

    a.      Loss of companionship, society, and comfort;

    b.      Loss of economic security, including loss of earnings and benefits; and

    c.      Funeral and burial expenses.

**B.     Exemplary Damages**

6.2     As a result of Defendant Ford Motor Company's reckless, willful and wanton misconduct, Plaintiff seeks exemplary damages against Ford Motor Company in an amount deemed appropriate by the jury.

**C.     Interest**

6.3     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VII.

### CONDITIONS PRECEDENT

7.1     All conditions precedent to Plaintiff's right to recover herein and to Ford's liability have been performed or have occurred.

## VIII.

### REQUEST FOR JURY TRIAL

8.1     Plaintiff hereby timely files her request for trial by jury pursuant to the Federal Rules of Civil Procedure.

## IX.

### PRAYER

9.1     Plaintiff Keshia Porter prays that Defendant Ford Motor Company answer for its tortious conduct, that this case be set for trial, and that Plaintiff recovers a judgment of and from Ford Motor Company for damages in such amount as the evidence may show and the jury may determine to be proper but in an amount greater than the jurisdictional minimum of this Court.

Dated: August ___3___, 2017

Respectfully submitted,

By: _____

Vance Countryman
VANCE T. COUNTRYMAN, P.C.
Wyoming State Bar Number: 5-2980
233 Garfield Street
Lander, Wyoming 82520
(307) 335-7075
(307) 335-7082 (fax)

**ATTORNEY FOR PLAINTIFF**